UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBERT C. MANLEY, III**                                                              **PETITIONER**

**v.**                                                                        **CIVIL ACTION NO. 3:14-CV-P266-R**

**CLARK TAYLOR**                                                                        **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Robert C. Manley, III, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely. Petitioner did not file a response, although he was granted an extension of time in which to do so.

Petitioner was convicted on May 13, 2004, of first-degree rape. He appealed his conviction to the Kentucky Court of Appeals, which affirmed on February 3, 2006. *Manley v. Commonwealth*, No. 2004-CA-002454-MR, 2006 WL 335856 (Ky. Ct. App. Feb. 3, 2006). On July 31, 2007, Petitioner filed a RCr 11.42 motion in the trial court. The trial court denied his motion, and Petitioner appealed to the Kentucky Court of Appeals. *See Manley v. Commonwealth*, No. 2009-CA-001836-MR, 2012 WL 3761977, at *1 (Ky. Ct. App. Aug. 31, 2012). The Kentucky Court of Appeals affirmed on August 31, 2012. Petitioner states that on June 3, 2013, he filed a belated motion to appeal in the Kentucky Supreme Court, which was denied on August 26, 2013. He filed the petition in this action on March 18, 2014.[1]

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The petition indicates that Petitioner presented the petition to prison officials for mailing on March 18, 2014.

and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, the date which begins the running of the one-year limitations period is the date Petitioner's conviction became final. Petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on March 6, 2006, thirty days after the Kentucky Court of Appeals denied his direct appeal and the last date that he could have filed a motion for

discretionary review in the Kentucky Supreme Court. RCr 12.02; Ky. R. Civ. P. 76.20.[2]

Thus, Petitioner had until March 6, 2007, to file his habeas petition unless there was a time-tolling collateral attack pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner did not file his RCr 11.42 motion until July 31, 2007, 147 days after the one-year limitations period had run. His filing of a Rule 11.42 post-conviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted). Thus, when Petitioner finally sought post-conviction relief from the trial court on July 31, 2007, there was nothing left of the one-year statute of limitations to toll.

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, however, and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Id.* at 588. Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008). Petitioner has offered no reason that he would be entitled to equitable tolling. Consequently, by separate Order the Court will dismiss this action

---

[2] The time for filing a motion for discretionary review actually expired on March 5, 2006. However, since that date was a Sunday, the time ran until the following Monday, March 6, 2006. Ky. R. Civ. P. 76.40(1); Ky. R. Civ. P. 6.01.

as barred by the statute of limitations.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc: Petitioner, *pro se*
  Counsel of record
4413.009